JOSEPH N. AND PATRICIA L. TANNER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tanner v. Commissioner
Docket No. 13690-91
United States Tax Court
T.C. Memo 1993-537; 1993 Tax Ct. Memo LEXIS 545; 66 T.C.M. (CCH) 1359; November 18, 1993, Filed *545 Decision will be entered for respondent, except for the additions to tax under Section 6653(b) with respect to petitioner Patricia L. Tanner. Joseph N. and Patricia L. Tanner, pro se. For respondent: Mark E. Menacker. COHEN
COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income taxes as follows: Additions to Tax Sec.
Sec.
Sec. Year
Deficiency
6653(b)(1)
6653(b)(2)
6661 1985
$ 7,324
$ 3,662
[1]
$ 1,831
Additions to Tax Sec.
Sec.
Sec.
Year
Deficiency
6653(b)(1)(A)
6653(b)(1)(B)
6661
1986
$ 39,893
$ 28,794
[1]
$ 9,598
1987
35,194
26,396
[2]
8,799
Additions to Tax Sec.
Sec.
Petitioner
Year
Deficiency
6653(b)(1)
6661
Joseph N. Tanner
1988
$ 20,000
$ 15,000
$ 5,000
Patricia L. Tanner
1988
14,768
11,076
3,692
Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, *546 and all Rule references are to the Tax Court Rules of Practice and Procedure. Petitioners failed to appear for trial and did not comply with the Court's Orders compelling discovery or with the Standing Pre-Trial Order. Respondent presented evidence that petitioner Joseph N. Tanner was liable for the addition to tax for fraud. After trial, respondent conceded that petitioner Patricia L. Tanner was not liable for the addition to tax for fraud. FINDINGS OF FACT At the time the petition was filed, petitioners resided in Hemet, California. Petitioner Joseph N. Tanner (petitioner) received a Bachelor of Business Administration degree in accounting from the University of Texas. During the years in issue, petitioner performed duties as an accountant. During 1985 and 1986, he prepared tax returns for others. Petitioner was first employed by David Garthwaite (Garthwaite) on November 2, 1979, and continued in Garthwaite's employ during the years in issue. Garthwaite formed Sunair Aluminum Corporation (Sunair) during 1985. Garthwaite employed petitioner as an accountant for Sunair. Petitioner's duties included the preparation of Sunair checks for signature by authorized personnel, *547 including Garthwaite, Garthwaite's son, and Donald Wells (Wells). Without Garthwaite's knowledge or consent, petitioner caused his own name and signature to be added to the signature card maintained for one of the bank accounts in the name of Sunair. During 1985, petitioner commenced a scheme to embezzle funds from Sunair, which was accomplished in part by issuing checks to a nonexistent company called Superior Products Company and in part by issuing checks to pay petitioner's personal credit card liabilities. In this manner, petitioner concealed unauthorized payments that he was making and converting to his own use. During 1985 and 1986, petitioner signed and negotiated checks on the Sunair bank account in the total amounts of $ 21,887 and $ 93,169, respectively. Proceeds of those checks were converted by petitioner to his own use. During 1987 and 1988, petitioner signed his name or forged the name of Wells on checks that totaled $ 98,588 and $ 106,532, respectively. Proceeds of those checks were converted by petitioner to his own use. Because petitioner was responsible for reconciling the bank statements of Sunair, he avoided discovery of his Sunair checking account activity *548 until late 1988. On November 7, 1988, Garthwaite discovered a suspicious check that petitioner had signed with the name of Wells. Petitioner Patricia L. Tanner then returned to Sunair the amount of the last unauthorized check. None of the amounts received by petitioner from negotiation of the unauthorized checks was reported on petitioners' tax returns for the years in issue. During the audit by the Internal Revenue Service and through the course of this proceeding, petitioner did not deny taking the money that respondent had determined to be unreported income. Petitioner contended that the money was taken because Garthwaite had misappropriated compensation due to petitioner as "pension profits". By reason of his education and experience, petitioner knew that he had taxable income in the amounts of the checks negotiated by him and proceeds converted to his own use. Petitioners' failure to report that income resulted in an underpayment of petitioners' taxes for the each of the years in issue. That underpayment was due to fraud on the part of petitioner Joseph N. Tanner. OPINION By reason of their failure to appear for trial, to present evidence as to which they have the burden *549 of proof, or otherwise properly to prosecute this case, the amount of the deficiencies and the additions to tax under section 6661 are decided against petitioners. Rules 123(a) and (b), 142(a), 149. Respondent, however, bears the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b). The addition to tax for fraud is a civil sanction intended to safeguard the revenue and to reimburse the Government for the heavy expense of investigation and for the loss resulting from a taxpayer's fraud. . Respondent has the burden of proving, by clear and convincing evidence, an underpayment and that some part of the underpayment was due to fraud. See sec. 6653(b)(1). This burden is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes that are due. Fraud may be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Respondent has proven a pattern *550 of unreported income over a period of 4 years and steps taken by petitioner to conceal that income. Based on petitioner's background, he must have known that such income was taxable. Even petitioner's explanation, that he was merely taking money to which he was entitled because of Garthwaite's prior defalcations, does not justify a conclusion that the income would not have to be reported and subjected to Federal income tax. Respondent has thus presented clear and convincing evidence of fraud as to petitioner Joseph N. Tanner. To reflect the foregoing and respondent's concession, Decision will be entered for respondent, except for the additions to tax under section 6653(b) with respect to petitioner Patricia L. Tanner. Footnotes
1. 50 percent of the statutory interest on $ 7,324.↩
1. 50 percent of the statutory interest on $ 38,392.↩
2. 50 percent of the statutory interest on $ 35,194.↩